**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                               No. CR 03-1656 JB

SHANE LIBBY,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum and Objections, filed May 13, 2009 (Doc. 37 in No. CR 08-0353 JB, Doc. 66 in No. CR 03-1656 JB)("Memorandum"). The Court held a sentencing hearing on June 1, 2009. The primary issue is whether the Court should run Defendant Shane Libby's sentence for violating the conditions of his supervised release concurrent with his sentence for being a felon in possession of a firearm. Because running the sentences consecutively would tend to undermine the balance the Court has struck on the felon-in-possession charge, the Court will run most of the violation sentence concurrent with the sentence for the felon-in-possession charge, except for 4 months, which the Court will run consecutive to the felon-in-possession sentence because of the need for some additional punishment for the violation.

**PROCEDURAL BACKGROUND**

On November 14, 2008, Libby pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At the time Libby was arrested on this charge, he was under supervised release for an earlier federal offense. Libby requests that he receive a total sentence of 48 months on both the felon-in-possession charge and the violation of supervised

release.  See Memorandum ¶ 27, at 11.  Libby proposes that the Court reach this result either by running a 12-month guidelines sentence on the violation concurrent with a 48-month sentence on the felon-in-possession charge or by running a 12-month guidelines sentence on the violation consecutive to a 36-month sentence on the felon-in-possession charge.  See id.

The Court varied from the guidelines sentence on the felon-in-possession charge and sentenced Libby to 48 months on that charge.  See Memorandum Opinion and Order at 8, entered June 30 (Doc. 40).  In that opinion, the Court noted that it would issue a separate opinion and order dealing with the sentence for the violation of supervised release.  This opinion is the one promised.

### ANALYSIS

The primary issue is whether the Court should run the sentence on Libby's violation of supervised release concurrently or consecutively with his 48-month sentence for being a felon in possession of a firearm.  In his memorandum, Libby requests a total of 48 months on both offenses, but his proposals for reaching this figure both involve imposing a 12-month guidelines sentence for the violation.  Thus, the Court does not understand Libby to be requesting a variance on the sentence for the violation of supervised release.  Nor, given the seriousness of the violation, does the Court see any sound reason to vary.  The Court believes that a 12-month sentence for the violation is appropriate.

If the Court ran these 12 months consecutive to the 48-month sentence for the underlying felon-in-possession charge, the Court believes it would be undermining the goals of 18 U.S.C. § 3553(a) reflected in the 48-month sentence the Court imposed.  Adding 12 months onto the sentence for the same underlying conduct would be unduly punitive.  On the other hand, the Court believes that some additional punishment is necessary to reflect Libby's having violated his supervised release by committing a serious federal crime.  Accordingly, the Court will run 4 months of the 12-

month violation sentence consecutive to the 48-month sentence for the felon-in-possession charge,

with the remaining 8 months running concurrently.

**IT IS ORDERED** that the request in the Defendant's Sentencing Memorandum and

Objections for a total sentence of 48 months is granted in part and denied in part.  The Court will

run most of Defendant Shane Libby's sentence for violating his supervised release concurrently with

his sentence for being a felon in possession of a firearm, but will run 4 months consecutively.  Libby

is sentenced to 12 months incarceration for violating his supervised release.  8 months of that

sentence shall run concurrently to the 48-month sentence imposed in No. CR 08-0353 JB.


_____
UNITED STATES DISTRICT JUDGE


*Counsel*:

Gregory Fouratt
  United States Attorney
Marcy Catherine McCulloch
Lynn Wei-Yu Wang
  Assistant United States Attorneys
Albuquerque, New Mexico

        *Attorneys for the Plaintiff*

John Van Butcher
  Assistant Federal Public Defender
Albuquerque, New Mexico

        *Attorney for the Defendant*